2016 PA Super 187

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARIAN SMITH | |
| Appellant | No. 2207 EDA 2015 |

Appeal from the Judgment of Sentence July 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007896-2014

BEFORE:  LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

CONCURRING OPINION BY LAZARUS, J.:          **FILED AUGUST 25, 2016**

I concur because I agree with the result the majority has reached.  I write separately, however, to note that my analysis would be different regarding whether the gun had an "altered" manufacturer's number in accordance with 18 Pa.C.S. § 6110.2(a).

The majority indicates that the expert's opinion that the number had not been "altered" should be discounted because the value of his testimony was limited to reporting the means of discerning the number and did not include defining the terms used in the statute to describe an "altered" number.  The terms include that the firearm's number has been "altered, changed, removed or obliterated."  ***Id.***  The firearms expert testified that the number had not been altered.  Indeed, because the number could still be

_____

[*] Former Justice specially assigned to the Superior Court.

discerned via magnification, in a strict sense, the number was not altered, changed, or removed.

I note, however, that one definition of "obliterate" is "to make undecipherable or imperceptible by obscuring or wearing away." Merriam Webster Dictionary, http://www.merriam-webster.com/dictionary/obliterate. Under this definition, "obliterated" in the statute means that the number had been made indecipherable or imperceptible. This definition aptly describes what occurred in the instant matter, since the number had been ground away to such an extent that it was not perceivable by the naked eye. Using this definition of "obliterated" differentiates it from the term "removed," thereby giving full effect to the words of the statute. ***See Commonwealth v. McCoy***, 962 A.2d 1160, 1168 (Pa. 2009) ("When there is an interpretation available that gives effect to all of the statute's phrases and does not lead to an absurd result, that interpretation must prevail."). Furthermore, as the majority implies, this type of effort to obscure a gun's manufacturer's number is clearly contemplated by section 6110.2(a).

It is with this analysis in mind that I concur with the majority.

Judge Dubow joins this Concurring Opinion.